UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 8:97-cr-170-4 |
| | ) | |
| v. | ) | |
| | ) | |
| James Edward Brown, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## 18 U.S.C. § 3582(c)(2) Order for Sentence Reduction

### Motion to Reduce Sentence

This matter comes before the Court on two of the defendant's motions[1] for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u).

### Procedural Background

The defendant's motions are based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of

---

[1] Mr. James E. Brown filed a Motion for Reduction on August 12, 2008, and again on August 18, 2008. These motions appear to be identical.

amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on March 3, 2008.

## Background

The defendant's motions are based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on March 3, 2008.

On March 27, 2008, this Court denied the Mr. Brown's motion for a deduction of his sentence because the Mandatory Minimum for the crimes to which the defendant pled guilty are greater than those found in the guideline range. Accordingly, the newly enacted amendments to the guidelines did not affect Mr. Brown's sentence. Mr. Brown responded to this order by attempting to withdraw his motion on April 11, 2008. Mr. James E. Brown did not file an appeal within the 60 days as permitted by Federal Rules of Appellant Procedure 3 and 4. In his pending motions before this Court, Mr. Brown makes substantively the same arguments as presented in his March 27, 2008 motion.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se*

pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Accordingly, because the substance of the pending motions has already been ruled on in this Court, Mr. Brown's motion will be treated as a Motion for Reconsideration.

## Discussion

In order for a motion for consideration to be valid, it must offered within 10 days of the issuance of final judgement. Fed. R. Civ. P. 59 (e); *see also United States v. Harmon*, No. 2:99-CR-2313, 2006 WL 4753397, at 2-3 (E.D.Va. Apr. 3, 2006), *aff'd*, 193 Fed. Appx. 237 (4th Cir. 2006) (applying this principle in the context of a Motion for Reconsideration following the denial of a reduction in sentence). As a cursory matter, Mr. Brown's attempted withdrawal of his Motion for a Reduction in Sentence following this Court's ruling on that motion was moot, and ineffective. Additionally, Mr. Brown's first Motion for a Reduction in Sentence was ruled upon on March 27, 2008, and he neither appealed nor filed a Motion for Reconsideration until August 12, 2008. Accordingly, because Mr. Brown did not file a Motion for Reconsideration or an Appeal and because Mr. Brown's pending motions offer no new arguments, these motions are dismissed.

**Conclusion**

Accordingly, because the issues raised in the pending motions have already been ruled on by this Court it is THEREFORE ORDERED THAT the defendant's motions be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 4, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, you have the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**